IN THE CHANCERY COURT OF GEORGE COUNTY, MISSISSIPPI

SABRINA ERKHART                                                                    PLAINTIFF

VERSUS                                                          CAUSE NO. 2026-109-MAM

BRETT ERKHART                                                                     DEFENDANT

## SEPARATION, CHILD CUSTODY, SUPPORT AND PROPERTY SETTLEMENT AGREEMENT

THIS AGREEMENT is made and entered into by and between **Sabrina Erkhart**, hereinafter referred to as "*Wife*" or "*Mother*" and **Brett Erkhart**, hereinafter referred to as "*Husband*" or "*Father*", and the herein parties acknowledge that they have consented to a Divorce on the Statutory Grounds of Irreconcilable Differences.

The parties hereto fully understand that the child custody provisions of this agreement are subject to Court approval; however, the property settlement provisions are contractual in nature and not contingent upon a divorce, and in consideration of the premises and of mutual promises and agreements made hereby, have agreed to the following provisions, to-wit:

### CHILD CUSTODY PROVISIONS

1.      Wife and Husband shall have joint legal custody and physical custody of the two (2) minor child(ren); namely ███████████████, born September 15. 2015, and ███████ ██████, born June 11, 2019.

2.      The Husband shall be entitled to the following periods of visitation with the minor children:

        A.      Every other weekend from the release of school on Thursday or 3:00 P.M.

if school is not in session until 8:00 P.M. on Sunday.  In the week following weekend visitation, the Husband shall be entitled to visitation from Wednesday at the release of school or 3:00 P.M. if school is not in session until the opening of school on Friday or  3 :00 P.M.

B.      **New Year's Eve/Day:**  During even-numbered years, the children shall be with their Father beginning New Year's Eve night at 6:00 P.M. until 6:00 P.M. on New Year's Day.  The Mother shall have the same time during odd-numbered years.

C.      **Easter:**  The Father shall have each Friday evening before Easter from 6:00 P.M.  until Saturday at 6:00 P.M. and the Mother shall have each Easter Sunday.

D.      **Mother's Day weekend:** From 3:00 P.M. on Friday until 6:00 P.M. on Sunday (Mother's Day) shall be spent with the Mother.

E.      **Memorial Day:**  The children shall be with the Father on Sunday at 6:00 p.m. until Memorial Day at 6:00 p.m. during even-numbered years and with the Mother the same times during odd-numbered years.

F.      **Father's Day weekend:** From 3:00 P.M. on Friday until 6:00 P.M. on Sunday (Father's Day) shall be spent with the Father.

G.      **Summer:** The parties shall rotate the time the children are out of school for the summer on a week-to-week basis with the exchange occurring on Friday at 3:00 p.m.  The rotation shall begin the first Friday following release from school at 3:00 p.m. The children shall be returned to the Mother at least three (3) days prior to the date school resumes school.

H.      **Fourth of July:**  During odd-numbered years, the children shall be with their Father on the day before the Fourth of July beginning at 3:00 P.M. until the Fourth of July at 6:00 P.M.  The Mother shall have the same time during even-numbered years.

I.      **Labor Day:**  The children shall be with the Father on the day before Labor Day beginning at 3: p.m. until Labor Day at 6:00 p.m. during even-numbered years and with the Mother during odd-numbered years.

J.      **Thanksgiving holidays:** The children shall be with the Mother every Thanksgiving.  The children shall be with the Father each Friday following Thanksgiving Day at 6:00 p.m. until Saturday from until 6:00 P.M.

K.      **Christmas:** The children shall be with the Father beginning December 23 at 4:00 P.M until December 24 at 4:00 p.m., then with the Mother from Christmas Eve at 4:00 P.M. until Christmas Day at 4:00 P.M., then with the Father from Christmas Day at 4:00 P.M. until December 26 at 4:00 P.M.

L.      The parties agree that the children shall attend school within the School District in which the Mother resides.  Should either party relocate more than thirty (30) miles from the other parent, the visitation schedule shall be re-evaluated.

M.      If either party travels outside of the continental United States with the children, the traveling parent shall provide the other with a complete itinerary of the trip.

N.      Holiday visitation shall override and take precedence over general visitation.

O.      General visitation will not be made up if it conflicts with holiday visitation.

P.      The parties may agree to any other reasonable visitation that would be in the best interests of the children.

Q.      Neither party shall have any overnight guests with whom they are romantically or casually involved, whether of the opposite or same sex, in the presence of the minor children.

3.      The parties shall be diligent in their efforts to foster and encourage a positive relationship between the children and the other parent.  Each parent has an obligation to always refrain from making unflattering and derogatory remarks to or regarding the other parent in the presence of the children.  Each parent is under an affirmative duty to foster the love and affection of the children for the other parent.

4.      Each party shall have reasonable telephone privileges at a time convenient for the minor children. The parents shall allow the children to contact the other parent at the child's request so long as it does not interfere with bedtime or school schedules.

5.      The Husband shall pay unto the Wife the sum of $346.15 bi-weekly as child support for the benefit of the minor children, commencing on April 1, 2026, and continuing to be due and payable on the first day of each month thereafter until such time as the minor children marry, attain the age of majority, or become otherwise emancipated.

6.      The parties shall equally divide and each shall be responsible for one-half (½) of all academic, extracurricular, or community activity costs incurred by the minor children, including,

but not limited to: registration fees, sports, dance, costumes, uniforms, travel, etc. Prior to enrolling the children in any extracurricular or community activities, the parties shall notify one another of the intent to enroll the children and shall further discuss whether enrollment will serve the best interests of the children.  Neither party shall be required to pay more than $1,000.00 per year for extracurricular and/or community activities unless otherwise agreed.

7.      The children are currently covered by Medicaid.  In the event the children no longer qualify for Medicaid coverage, the Husband shall maintain health and dental insurance for the benefit of the minor children.  The Husband and Wife shall be equally responsible for all reasonable medical, dental, orthodontic, pharmaceutical, psychological, ocular and other health related expenses incurred for the minor children which are not covered by insurance and for the deductibles under said insurance from the date of the entry of the Property Settlement Agreement.  The Husband shall provide the Wife with medical and dental insurance cards and shall provide proof of coverage annually, on or before January 31st each year.  The entry of the Final Judgment of Divorce shall serve as a Medical Benefits Support Order, entitling both parties to information and copies of the insurance policy, Explanation of Benefits, etc.

8.      The Wife shall be allowed to claim ███████ a minor, as a dependent for state and federal income tax purposes each year.  The Husband shall be allowed to claim ███████, a minor, every year for state and federal income tax purposes.  The parties shall execute a Form 8332 or any other form required by the Internal Revenue Service to carry out the terms of this Agreement.

9.      Each party shall be responsible for one-half (½) of the costs of obtaining

transportation for the children when they become licensed drivers; however, the amount each party contributes shall not exceed a reasonable amount considering their relative financial ability.

## PROPERTY SETTLEMENT PROVISIONS

10.   The parties are currently parties in a Chapter 13 Bankruptcy Plan, which was confirmed on January 30, 2025.  *See* United States Bankruptcy Court, Southern District of Mississippi, Case No. 24-51518-KMS.  Until such time as the Plan is completed and the parties are discharged under the Plan, both parties shall continue their obligations, as modified herein, set forth under the Plan and no transfer of ownership shall be made, except by permission of the Bankruptcy Court.  All major assists and liabilities, except student loans, are included in the Plan.  **THE BANKRUPTCY COURT SHALL DETERMINE THE ALLOCATION OF MONTHLY WITHHOLDINGS FROM EACH PARTY DURING THE DURATION OF THE CHAPTER 13 PLAN. Subject to the Chapter 13 Plan and following their discharge from said Plan, the parties agree to the following:**

11.   The Wife will have the exclusive use, ownership, title and possession of her personal effects and any other personal property accumulated during the marriage which is presently in her possession.  Further, the marital contents of the home at 138 Erkhart Lane, Lucedale, MS 39452 shall be split evenly.

12.   The Husband is likewise awarded, free from any claim of the Wife, the exclusive use, ownership, title and possession of his personal effects and any other property accumulated during the marriage which is presently in his possession.

13. The Wife shall retain use, ownership and possession of and be financially responsible for the 2021 Chrysler Pacifica vehicle currently in her possession and the Husband shall retain use, ownership and possession of and be financially responsible for the 2022 Nissan Altima currently in his possession. The liens on each vehicle are subject to the Bankruptcy Plan and, upon completion and discharge from the Bankruptcy Plan, each party agrees to execute all documents necessary to transfer full ownership in accordance with this provision.

14. The Husband is awarded the immediate exclusive use and possession of the real estate and improvements situated at 138 Erkhart Lane, Lucedale, MS 39452. Following discharge under the Chapter 13 Plan, Husband shall be responsible for payment all liens, insurance, taxes, utilities, and maintenance and shall hold Wife harmless from same. Husband shall have twelve (12) months to pay Wife one-half of the equity in the home based upon fair-market value of the home. Wife shall quitclaim her interest to the Husband upon final payment of her share. In the event that the Husband is unable to refinance the mortgage, the home shall be sold and proceeds shall be divided equally. The Husband shall be responsible for all repairs.

15. All joint lines of credit shall not be used by either party to make any future purchases. If the parties desire to use credit cards, debit cards, etc., each party shall obtain their own lines of credit. Each party is restrained from exercising charging privileges in the name of the other.

16. The Wife shall be solely responsible for the following debts and shall hold the Husband harmless as to the same:

  A. Credit card that she obtained in her name.

  B. Student Loan in her name.

17. The Husband shall be solely responsible for the following debts and shall hold the Wife harmless as to the same:

  A. Credit card that he obtained in his name.

  B. Student Loan in his name.

18. That to the extent that such debts are not mentioned elsewhere in this Agreement, the Husband will be responsible for credit card debt or any other debts incurred in his name only and the Wife will be responsible for credit card debt or any other debts incurred in her name only. The parties represent that neither has incurred debt in the name of the other.

19. Each party waives any claim for alimony from the other party.

20. Each party shall be entitled to their respective 401(k), PERS, ESIP, TSP, pension, or similar retirement or investment accounts, free and clear of any claim, equitable or otherwise, of the other. The Husband and Wife understand and agree that both parties shall waive any and all right, title, claim or interest to the other's IRA or 401(k) benefits, ESIP, PERS, TSP, pension, investment accounts or similar accounts.

21. By agreement of the parties, all joint bank accounts and joint lines of credit shall be terminated and each party shall obtain their own accounts and lines of credit. Each party is restrained from exercising charging privileges in the name of the other.

22. Each party shall maintain a life insurance policy for the benefit of the children in the amount of $50,000.00.

23. Each party does hereby release, acquit and discharge the other from any and all claims for all rights and claims to all property, real, personal and/or mixed, wheresoever situated, legally or equitably owned by the other. Subject to the provisions of this agreement, each party has released and forever discharged, and by these presents does for himself and herself, and his or her heirs, legal representatives, executors, administrators, and assigns release and forever discharge the other of and from all causes of action, claims or demands of property, which either of the parties hereto ever had, or now has, against the other, except any and all causes of action for divorce now pending or hereinafter brought by the other.

24. Each party releases, waives and relinquishes any and all rights which he or she may now have, or may hereafter having, as the other's spouse under the present or future laws of any jurisdiction (a) to share in the estate of the other party upon the latter's death; and (b) to act as executor or administrator of the other party's estate. This provision is intended to, and shall constitute a mutual waiver by the parties to take against each other's wills, now or hereafter in force, under the present or future laws of any jurisdiction whatsoever. The consideration for each party's waiver and release, to relinquish any and all rights of election presently for in any statute of this or any other jurisdiction.

25. Except as herein above provided, the parties hereto are both released, acquitted, and forever discharged each by the other from all rights and claims to any and all property, whether real, personal and/or mixed, wheresoever situated, and now or heretofore legally or equitably owned by said parties, and from any and all claims that have been created and/or

resulted by the virtue of the marriage of the parties herein, including but not limited to alimony.

26. The parties shall at any and all times, upon request of the other party or his or her legal representatives, make, execute and deliver any and all such other and further instruments as may be necessary or desirable for the purpose of giving full force and effect to this agreement, without charge thereof.

27. The Husband acknowledges and agrees that he is choosing to represent himself in this cause and the Wife acknowledges and agrees that she has retained Attorney Cynthia A. Re and the firm of Bordis | Danos | Pierce to represent her in this cause. Husband agrees to pay $1,250.00 to Wife as one-half of attorney's fees.

28. With respect to each parties' responsibility for the payment of those certain debts and liabilities and their obligations to hold each other harmless for payment thereof, as any such liabilities and obligations are non-dischargeable debts under the Bankruptcy Code and in the event either shall hereafter file for bankruptcy under any chapter of the Code, they shall reaffirm any debt they have agreed to pay by the terms and conditions of this document, this obligation being part of the financial support settlement between the parties. All of the terms to this Property Settlement and Child Custody Agreement are considered domestic support obligations for all purposes herein, and as such, are considered non-dischargeable debts under the Bankruptcy Code.

29. Effective Date of the Agreement. This joint Property Settlement Agreement shall be and become an irrevocable contract immediately upon the signing and execution hereof by

the parties herein and is not contingent upon a divorce being granted by the Court, and in order

to carry out the terms and conditions thereof, each party hereto covenants and agrees timely

and courteously to execute such Deed, document or other instrument necessary, proper and

convenient to carry out the terms and provisions herein.  Further, while the parties understand

this Agreement is not contingent upon a divorce, the parties agree and understand that this

Agreement shall be incorporated into and Divorce Decree entered by the Court, and shall be

subject to enforcement through the Chancery Court of GEORGE County, Mississippi.

WITNESS MY SIGNATURE this the _____27th_____ day of ___April___, 2026.

_____
Sabrina Erkhart

_____
Brett Erkhart

STATE OF MISSISSIPPI

COUNTY OF George_____

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction last aforesaid the within named Sabrina Erkhart, who acknowledged to me that she signed and delivered the above and foregoing Separation, Child Custody, Support and Property Settlement Agreement on the day and year the same bears date as her free and voluntary act and deed and for the purposes therein mentioned.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE, this the 27th day of

___April___, 2026.

STATE OF MISSISSIPPI
MANDY L. GUNTER
NOTARY PUBLIC
Jackson County
Commission Expires
October 31, 2027
COMMISSION NUMBER 379873

_____
Notary Public

(S E A L)

STATE OF MISSISSIPPI

COUNTY OF ___George___

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction last aforesaid the within named Brett Erkhart, who acknowledged to me that he signed and delivered the above and foregoing Separation, Child Custody, Support and Property Settlement Agreement on the day and year the same bears date as his free and voluntary act and deed and for the purposes therein mentioned.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE, this the 23rd day of ___April___, 2026.

STATE OF MISSISSIPPI
KAREN M MOORE
NOTARY PUBLIC
George County
Commission Expires
April 8, 2028
COMMISSION NUMBER 461426

___Karen M. Moore___
Notary Public

(S E A L)